## John Lorton *vs.* Samuel C. Agnew.

### *Error to Desmoines.*

Where the record shows itself incomplete, the defect will be regarded the most strongly, possible, against the plaintiff in error.

Where a special agreement is made to rescind a former contract and repay a certain portion of the money advanced, that money cannot be recovered under the common counts, but the declaration must be special.

The rule in such cases is, that the plaintiff cannot recover on the common counts unless there is sufficient evidnece to warrant a recovery, independent of the special agreement.

The facts relied on, are all contained in the following bill of exceptions filed in the court below at the time of trial.

"Be it remembered, that on the trial of this cause it appeared in evidence that Agnew had purchased from Lorton, a claim and improvements thereon, some time in November 1837; that he took and continued in possession of the same, up to the 17th of November 1838, that he had paid to Lorton one hundred and thirty-five dollars, in cash, and one yoke of cattle, valued at fifty-five dollars; that some time previous to the 17th November, aforesaid, he dispaired of paying the balance of the purchase money, and being unwilling to lose what he had paid, and the labor he had expended, agreed with Lorton (who consented) to leave it to men, selected by them, to say on what terms he should surrender the claim to Lorton, and the contract of sale be abandoned—that they decided that Lorton should have immediate possession of the farm, except the house, which Agnew was to have the use of, until November 1st 1838; and that Agnew accordingly delivered possession, that Lorton should have half the crops raised on the place by Agnew, and that Lorton should pay to Agnew $135,00, in twelve months from this decision. Both consented, and Lorton promised to pay Agnew one hundred and thirty-five dollars accordingly, in twelve months.

Whereupon defendant's counsel asked the court to instruct the jury that the plaintiff could not recover under the count for money *paid, laid out and expended,* which instruction was allowed.

Defendant's counsel then asked the court to instruct the jury that the plaintiff could not recover the one hundred and thirty-five dollars under the count for money *lent and advanced,* which instruction the court refused, but instructed the jury that under that count, in connection with the bill of particulars, they could find for the plaintiff on the foregoing evidence, provided, they found from the evidence, that the original contract had been rescinded. Defendant's counsel further asked the court to instruct the jury that where there is an express subsisting promise, or agreement, to pay money, the plaintiff cannot recover the money upon the common money counts by proving such express prom-

9

ise, but must sue on the express promise or agreement, which instruction the court refused."

Grimes & H. W. Starr, for plaintiff in error.

Rorer & Browning, for defendant in error.

By the Court, Mason, Chief Justice.—The plaintiff below brought an action of assumpsit against the defendent Lorton, and complained against him in the two common counts, for money lent and advanced, and for money paid, laid out and expended. It appears also that there was a bill of particulars, of the plaintiffs demand, but it does not appear to have been sent up in the transcript of the record, from the District Court.

On the trial (according to the bill of exceptions) it appeared that Agnew had purchased a "claim" of Lorton which he took possession of, and occupied for about one year—that he had paid therefor $135 in cash, and a yoke of oxen valued at $55; that finally being unable to pay the balance, and unwilling to lose what money and labor he had expended, he agreed with Lorton to leave it to certain individuals, to determine upon what terms the "claim" should be surrendered and the contract of sale abandoned. These men decided, among other things, that Lorton should pay Agnew $135 in twelve months. Both parties consented to this arrangement and Lorton promised to pay the amount accordingly.

Upon this state of facts, the defendant's attorneys asked the court to instruct the jury "that the plaintiff could not recover the $135 on the count for money *lent and advanced*," which instruction the court refused to give, but directed the jury that under this count, taken in connection with the bill of particulars, they could find for the plaintiff, provided they were satisfied from the evidence, that the original contract had been rescinded.

They further asked the court to instruct the jury, "that where there is an express subsisting promise, or agreement to pay money, the plaintiff cannot recover the money upon the common money counts, by proving such express promise, but must sue on that promise," which instruction was also denied; to both of which the defendant excepted.— A verdict was found for the plaintiff, and judgment rendered thereon, for the reversal of which, a writ of error is now brought to this court.

As it is incumbent on the plaintiff in error, to show affirmatively, that

there was error below, in order to obtain a reversal, and inasmuch as
the bill of particulars is referred to in the record, and not contained in
the transcript, the proper inquiry will be, whether under the count for
money *lent and advanced*, coupled with any possible bill of particulars,
the plaintiff below could have recovered. Perhaps under such circum-
stances any evidence would be admissible which could be admitted
under the count, " for money had and received. " Such a declaration,
though defective in form, might at least be sufficient in substance to
prevent a reversal in this court, in any case where all the common
counts would have sufficed.

The great question in this case therefore, is, whether the plaintiff
below was entitled to recover on the common counts, or whether he
must have declared specially. From the circumstances of the case
there is nothing to create the presumption that Agnew, by abandoning
the original contract, could compel Lorton to refund any of the money
paid thereon. There was no legal liability upon Lorton to pay any money
except from his promise and undertaking, then and subsequently made.
The circumstances were such as might form the *consideration* for a
promise, but the right of action resulted entirely from his special agree-
ment.

The rule laid down in Suttler vs. Mays, 7 Johnson's Reports 132, and
followed in the case of Dubois vs. Delaware & Hudson canal company,
4 Wendell 285, would not permit the plaintiff to recover on the common
counts, unless there was sufficient evidence to warrant such a recovery,
independent of the special agreement. That rule, applied to this case,
would be decisive and fatal to the action below, and we find no reason
or authority for establishing a rule irrecconcileable with it. The rule
in all respects seems to be just and salutary, and we feel inclined to
adopt it.

It is true, that where a contract has been rescinded, money paid
thereon, may be recovered under the common counts. This contract
however does not seem to have been absolutely rescinded. Although
as it would appear, the jury found this to be the case, still the matter
involves a question of law, and from the facts detailed in the bill of
exceptions, we are inclined to the belief that the grounds of the plain-
tiff's action below resulted, not from the abrogation of the old contract,
but from the creation of a new one. The judgment below will there-
fore be set aside and a new trial awarded.